IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

GOLF TRAVEL, LLC,

    Plaintiff,

vs.

JOSEPH MULLINS, MULLINS SPORTS
AND ENTERTAINMENT, LLC, JOHN
DOE 1-10, ABC CORP 1-20,

    Defendants.

CASE NO.: 1:21-CV-63

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants Joseph Mullins and Mullins Sports and Entertainment, LLC, and file this Brief in Support of their Motion for Summary Judgment, showing the Court the following:

## I.    PLAINTIFF'S ALLEGATIONS

Plaintiff Golf Travel, LLC, owned by Ian Jack, is a limited liability company organized in Ohio that sells golf vacation packages. Doc. 10 ¶ 1. Mr. Jack has been selling packages to the Masters Tournament in Augusta, Georgia for approximately thirty years through SGH, Inc and then through Golf Travel. *Id*. ¶ 19, Jack Dep. 5:11-6:14.  Because it is difficult to obtain tickets directly from Augusta National, Inc. ("ANI"), Mr. Jack purchases tickets from badge holders and other suppliers. Doc. 10 ¶ 22; Jack Dep. 18:23-20:7, 54:2-4.  Prior to the 2018 Masters, Plaintiff allegedly contracted with Defendant Mullins Sports to purchase 183 practice round tickets and 95 badges for the 2018 Tournament for $606,150.00. Doc. 10 ¶ 26-28.   Plaintiff received all the tickets and

1

badges and distributed them to its customers. *Id.* ¶ 29, 31.  Some of Plaintiff's customers were denied entry into the Masters Tournament. *Id.* ¶ 32-33.  Thus, Plaintiff alleges that Defendants provided badges that were not valid and that Defendants knew the badges had been voided by ANI. *Id.* ¶ 30, 48.

Similarly and prior to the 2019 Masters Tournament, Plaintiff allegedly contracted with Defendant Mullins Sports to purchase 145 practice round tickets and 84 badges for the 2019 Masters for $840,900. *Id.* ¶ 63. Plaintiff did not receive all of the tickets. *Id.* ¶ 70.  Thus, Plaintiff alleges that Defendants knew that they would not be able to provide the tickets and misrepresented to Plaintiff that they could. *Id.* ¶ 67.  Plaintiff filed this action stating claims for common law fraud, Georgia RICO, breach of contract and alter ego against Defendant Mullins Sports and its owner Defendant Joseph Mullins.

## II.   SUMMARY JUDGEMENT STANDARD

Summary Judgment is appropriate where the moving party shows that there is no genuine dispute as to any material fact. Fed. R. Civ. Pro. 56 (a).  A party asserting that a fact cannot be genuinely disputed must support the assertion by citing to depositions, documents, affidavits, or other materials or by showing that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. Pro. 56(c)(1).

## III.   ARGUMENT

### A. Plaintiff Fails To Establish A Claim For Breach Of Contract.

In count IV of its complaint, Plaintiff alleges that Defendants Joseph Mullins and Mullins Sports breached contracts to sell him 2018 and 2019 Masters tickets and badges.[1] Doc. 10 ¶ 58-167.  Plaintiff alleges that he contracted to purchase 183 practice round

---

[1] This brief may use the words "tickets" and "badges" interchangeably as the distinction is not relevant to the arguments contained herein and ANI uses the term "tickets" to refer to single day tickets and badges.

tickets for $157,900.00 and 95 badges for $448,250.00 from Defendants for the 2018 Masters. Doc. 10 ¶ 27.  For 2019, Plaintiff alleges that he contracted to purchase 145 practice round tickets and 84 badges for $840,900.00. *Id*. ¶ 63.  Plaintiff alleges that Defendants failed to fulfill their obligations under the contracts.

### 1. Defendant Joseph Mullins was not party to any contract with Plaintiff.[2]

Plaintiff fails to provide any evidence of a contract with Defendant Joseph Mullins. All of the documentation related to the alleged contracts references only Mullins Sports & Entertainment. Exhibit F.  Defendant Joseph Mullins is listed as a sales rep for Mullins Sports in the documents. Exhibit F.  During all dealings Plaintiff may have had with Mr. Mullins, Mr. Mullins was acting solely on behalf of his company Mullins Sports.  Plaintiff cannot produce any evidence of a contract with Mr. Mullins.  Thus, Plaintiff fails to establish any claim for breach of contract against Defendant Joseph Mullins.

### 2. Any alleged contract between Plaintiff and Mullins Sports is void and unenforceable.

A contract is an agreement between two or more parties for the doing or not doing of some specified thing. O.C.G.A. § 13-1-1.  A contract to do an immoral or illegal thing is void. O.C.G.A. § 13-8-1.  Pursuant to O.C.G.A. § 43-4B-25 (a), it is unlawful for any person other than a ticket broker to resell or offer for resale any ticket of admission or other evidence of the right of entry to any athletic contest to which the general public is admitted for a price in excess of the face value of the ticket.  To qualify as a ticket broker, a person must maintain a permanent office in the state, apply for a broker's license, pay any required local tax, and register for sales and use tax purposes. O.C.G.A. § 43-4B-26.

---

[2] This brief may reference Defendants jointly for simplicity's sake and because Plaintiff often fails to differentiate his claims against the two Defendants; however, Defendants dispute that Mr. Mullins was a party to any contract or transaction with Plaintiff.

Pursuant to O.C.G.A. § 43-4B-25(b), the sponsor of any athletic contest may contractually restrict the resale of tickets by giving notice of such restriction on the back of the ticket. Any person who violates O.C.G.A. § 43-4B-25 *et seq*. is guilty of a misdemeanor of a high and aggravated nature. O.C.G.A. § 43-4B-31.

Hence, a state statue makes it illegal for anyone other than a ticket broker to resell Masters tickets in excess of face value.  Additionally, ANI has further restricted the resell of tickets under O.C.G.A. § 43-4b-25(b) by giving notice on the back of its tickets. Exhibits D, E.  ANI policies provide that "ANI is the only authorized source/seller of Masters Tickets." Exhibits D, E.  Neither Plaintiff nor Defendants are ticket brokers, and neither is associated with ANI. Mullins Dep. 53:11-13; Jack Dep. 21:7-11, 158:12-15, 179:24-25. Plaintiff allegedly contracted to purchase 278 tickets and badges for $606,150 for the 2018 Masters Tournament and 229 tickets and badges for $840,900 for the 2019 Tournament. The face value of practice round tickets was $75.00 and the face value of badges was $375.00. Exhibits B, C.  Mr. Jack even admits that he intended to buy badges for a price over face value from Defendant Mullins Sports and resell the tickets for an amount even higher over face value so that Plaintiff could make a profit. Jack Dep. 27:22-28:13. Thus, if Plaintiff contracted with Mullins Sports to purchase Masters tickets and badges as alleged, Mullins Sports' performance of that contract would violate O.C.G.A. § 43-4B-25 *et seq*.  If a contract cannot be performed without violating a statute, the contract is illegal and void. *Shannondoah, Inc. v. Smith*, 140 Ga. App. 200, 202 (1976). It is Mr. Jack's testimony that he was aware of the ANI policies but simply ignored the restrictions on ticket sales. Jack Dep. 21:12-18.  However, choosing to ignore the law does not make the alleged contract any less illegal.  Courts cannot assist in enforcing illegal contracts because it would implicate the judiciary in the illegality. *Brandon v. Newman*,

243 Ga. App. 183, 187 (2000).  Thus, the alleged contract between Plaintiff and Mullins Sports is void and unenforceable.

### 3. Plaintiff fails to establish that the alleged contract related to 2018 Masters tickets was breached.

Plaintiff admits that Defendant Mullins Sports provided the 183 practice round tickets and the 95 badges that Plaintiff alleged contracted to purchase.  Doc. 10 ¶¶ 29, 31; *See also* Mullins Dep. 92:10-12, 93:7-16.  However, Plaintiff claims that the badges were invalid, but Plaintiff has presented no evidence in support of that allegation.  Plaintiff alleges, but provides no evidence, that its customers using the badges were denied entry into the Masters Tournament. Doc. 10 ¶¶ 32-38.  Even if Plaintiff's customers were denied entry, it does not follow that the alleged contract was breached.

Plaintiff has not alleged that there was any contract between the parties to guarantee Plaintiff's customers entry into the tournament, nor could he, since the tickets and badges are only a limited license that can be revoked at any time by ANI. Exhibits D, E.  In obtaining the Masters tickets from Mullins Sports, Plaintiff was aware of the fact that ANI was the only authorized seller of the tickets. Jack Dep. 21:9-11.  Pursuant to ANI policy, any ticket purchaser and all subsequent holders are bound by ANI policies, including the policy that tickets obtained illegally will not be honored by ANI. Exhibits D, E.  Thus, any guarantee of entry could not have been contemplated by Plaintiff or Mullins Sports at the time of the alleged contract.  The cardinal rule of contract construction is to ascertain the intent of the parties. *Irvin v. Laxmi, Inc.,* 266 Ga. 204, 205 (1996).  Because both Plaintiff and Defendant were aware of ANI policies, neither would have intended for any guarantee of entry to be included as a term in the alleged contract.  Plaintiff admits

that it received the tickets; and thus, Defendant satisfied any obligation under the alleged contract.

Plaintiff fails to provide any evidence that Defendants' conduct caused the tickets to be invalidated, or even that the tickets were invalid.   If Plaintiff's customers were denied entry, Plaintiff has provided no evidence that it was due to non-performance by Defendant under any alleged contract.   The evidence shows that Plaintiffs' customers were denied entry because they purchased tickets from Golf Travel, an unauthorized reseller.   ANI policy makes clear that ANI will not honor such tickets. Exhibits D, E. Therefore, Plaintiff fails to state a breach of contract claim against Defendants.

### B.  Plaintiff Fails To Establish A Claim For Fraud.

In count I of its complaint, Plaintiff alleges that Mullins and Mullins Sports conspired to defraud Plaintiff. Doc. 10 ¶¶ 100-105.  Common law fraud requires proof that 1) the defendant made false representations, 2) with scienter, 3) with the intention to induce plaintiff to act or refrain from acting in reliance by plaintiff, 4) justifiable reliance by plaintiff, and 5) damage to plaintiff. *Martin v. Ctr. Pointe Invs.*, 310 Ga. App. 253, 256 (2011).  The illegality of a contract bars any fraud claim that depends upon the illegal contract. *Nayani v. Hassanali*, 362 Ga. App. 313, 318 (2022).  As argued above, the alleged contracts that form the entire basis of Plaintiff's claims were illegal, so Plaintiff fails to state a claim for fraud.

Even if the alleged contracts were not illegal, Plaintiff fails to establish the elements of a common law fraud claim.  Defendants deny that Plaintiff can establish any element but focuses on the elements of false representation and justifiable reliance for the purpose of this motion.  However, in order to survive summary judgment, the plaintiff must show evidence as to each element of fraud. *Hanlon v. Thornton*, 218 Ga. App. 500, 501 (1995).

**1. Plaintiff fails to provide evidence that Defendants made any false representations regarding the 2018 Masters.**

With regard to most of its allegations, Plaintiff has failed to provide any evidence showing that the alleged representations were false.  Plaintiff alleges that Mr. Mullins falsely presented that he did not know why badges he provided to Plaintiff were confiscated by ANI in 2018. Doc. 10 ¶¶ 38-40.  Similarly, Plaintiff alleges that Mr. Mullins falsely represented that the 2018 badges were valid when he actually knew the badges were void because Mr. Mullins knew a former employee sent a list of the illegally obtained badges to ANI. *Id*. ¶¶ 55-60.  Plaintiff further alleged that he discovered the badges were void and learned the details from Jerry Hottle. *Id*. ¶ 57; Jack Dep. 93:9-25.  However, Mr. Jack's and Mr. Hottle's testimonies completely contradict those allegations.  Mr. Jack actually testified that he has no idea why the 2018 tickets were confiscated by ANI but simply believes that Mr. Mullins must know why. Jack Dep. 109:11-14.  Mr. Jack further testified that his only source of information about what happened with the 2018 tickets is Mr. Hottle. *Id*. at 103:12-104:5.  Mr. Hottle is not an employee of ANI and he was no information about why the 2018 badges were confiscated. Hottle Dep. 16:14-23.

Additionally, Mr. Mullins testified that he provided valid badges and has no information about why Plaintiff's customers were denied entry into the Tournament. Mullins Dep. 93:7-16.  He further testified that he does not know anything about a disgruntled employee providing badge numbers to ANI that were then flagged and voided by ANI. *Id*. at 73:25-74:2, 74:11-14.  In fact, Mr. Mullins did not even have any employees working at Mullins Sports; only Mr. Hottle assisted him with obtaining Masters tickets. Mullins Dep. 62:25-63:1, 63:9-11, 70:24-71:1.  In further contradiction of his allegations, Mr. Jack testified that he does not know when Mr. Mullins found out the alleged list was

given to ANI or even if Mr. Mullins knew that the list was allegedly given to ANI prior to the 2018 Masters. Jack Dep. 94:18-23, 100:24-101:5.

Plaintiff has presented no evidence that Defendants had any knowledge that an alleged list was provided to ANI or that the 2018 Masters tickets were void or invalid. Further, Plaintiff has not identified Defendants' disgruntled employee, has not provided a copy of the alleged list, has not provided any evidence that ANI received the list, and has not provided any evidence that the 2018 tickets were actually invalid.  In fact, Mr. Jack testified that his allegations about the 2018 Masters tickets is all speculation. Jack Dep. 103:3-11.  Beliefs and speculation cannot form the basis of a lawsuit.  Plaintiff must present evidence of his fraud allegations to proceed to trial and defeat summary judgment. *Hanlon* at 501.

Per ANI policies, tickets obtained in contravention of ANI policies and O.C.G.A. § 43-4B-25 will not be honored. Exhibits D, E..  Plaintiff admits that he bought the tickets from an unauthorized third-party reseller in excess of face value in violation of ANI policies. ANI policies clearly state that holders of such tickets may be excluded from attendance to the Tournament. Exhibits D, E.  As speculated by Mr. Mullins and Mr. Hottle, the evidence simply shows that the ANI enforced their policies and excluded Plaintiff's customers since it was clear that they were not authorized holders of their tickets. Mullins Dep. 74:15-79:25, 59:15-60:5; Hottle Dep. 16:20-17:9.  In addition to not establishing any false statements, Plaintiff also fails to establish scienter.  Scienter is a mental state embracing intent to deceive, manipulate, or defraud. *Keogler v. Krasnoff*, 268 Ga. App. 250, 255 (2004).  Plaintiff was well aware of the risk in purchasing Masters tickets on the illegal secondary market.  Defendants could not have misrepresented any alleged facts to Plaintiff since all necessary information was publicly available, common

knowledge, and printed on the tickets. Exhibits D, E.  Where there is no evidence that a false statement was made with false design, there can be no recovery for fraud. *Aliabadi v. McCar Dev. Corp.*, 249 Ga. App. 309, 312 (2001).  Therefore, Plaintiff fails to establish that Defendants made any false representations.

### 2. Plaintiff fails to show that it justifiably relied on any alleged false representations related to the 2018 Masters.

With regard to Plaintiff's allegations that Mr. Mullins represented that he had access to and could legally sell "valid" tickets and badges, Plaintiff fails to show justifiable reliance. Doc. 10 ¶ 26.  To prove justifiable reliance, a plaintiff must show that he exercised his duty of due diligence. *Martin v. Ctr. Pointe Invs., Inc.*, 310 Ga. App. 253, 257 (2011). The question of justifiable reliance is often a fact question for the jury, but summary judgment is appropriate if the means of ascertaining the relevant facts are equally available to all parties. *Id.* (quoting *Ades v. Werther*, 256 Ga. App. 8, 11-12 (2002)).

Mr. Jack testified that he is aware of the ANI policy that tickets cannot be resold by third parties such as Defendants. Jack Dep. 21:9-11.  He also testified that he was aware that tickets he purchased from Defendant Mullins Sports could be revoked at any time. *Id.* at 23:18-24:16.  Mr. Jack further testified that he was aware that ANI actually has a history of revoking badges. *Id.* at 27:18-21, 77:25-78:3.  Even if Mr. Mullins told Plaintiff he could legally sell tickets or provide valid tickets, Plaintiff's reliance on those statements would not be justified because Plaintiff was aware of the contrary ANI policies.  Plaintiff also failed to exercise due diligence if he relied on the alleged representations.  Georgia law clearly provides that it is unlawful for any person, other than a ticket broker, to resell any ticket of admission to any athletic contest to which the general public is admitted for a price in excess of the face value of the ticket. O.C.G.A. § 43-4B-25 (a).  Plaintiff knew

that tickets it sold to customers had passed through Plaintiff's hands and Mullins Sports' hands, two unauthorized resellers; thus, Plaintiff had to know that ANI could confiscate the tickets and deny entry to Plaintiff's customers.  If the party alleging fraud had equal and ample opportunity to prevent it and failed to exercise due diligence, there can be no fraud action. *Martin* at 257.  Here, Plaintiff was aware that it was dealing in an illegal secondary market, and it could have prevented any alleged fraud by refraining from such conduct.  Therefore, Plaintiff fails to establish justifiable reliance on any statements made by Defendants to support a claim of fraud.

### 3. Plaintiff fails to provide evidence that Defendants made any false representations related the 2019 Masters.

As with his allegations related to the 2018 Masters, Plaintiff also fails to show that many of the alleged representations by Defendants related to the 2019 Masters were false. Plaintiff alleges that Mr. Mullins lied about being called away to Florida in March 2019 when Plaintiff was in Augusta seeking to have a meeting to collect tickets to prevent Plaintiff from taking legal action. Doc. 10 ¶ 66.  However, Plaintiff fails to provide any evidence indicating where Mr. Mullins was located in March 2019.

Plaintiff alleges that Defendants falsely represented that they could provide 2019 badges. *Id.* ¶¶ 63, 67.  Yet, Plaintiff has provided no evidence that those representations were false at the time they were allegedly stated.  ANI does not even start sending badges to patrons until March each year, approximately one month prior to the Masters Tournament, and the badge owners will sell their badges to third parties sometime thereafter up until the start of the tournament. Mullins Dep. 38:2-11; Hottle Dep. 72:18-19.  Mullins Sports would then obtain badges from the patrons. Mullins Dep. 38:17-21.  Mr. Mullins testified that he had agreements to purchase 2019 tickets from patrons, and

he started finding out those people would not be able to provide tickets in March 2019. Mullins Dep. 43:6-10.  Thus, the evidence indicates that in May 2018 when Plaintiff inquired about purchasing 2019 tickets, Mullins Sports believed that it could provide the tickets and Mullins Sports had no reason to think otherwise.

Plaintiff alleges that Mr. Mullins falsely claimed that he spent twelve hours attempting to locate replacement badges for Plaintiff's customers. Doc. 10 ¶ 76. Plaintiff fails to provide any proof that Mullins did not attempt to locate badges.  Just because Plaintiff did not receive any replacement badges, it does not mean that Mr. Mullins did not attempt to locate them. Mr. Mullins testified that he spent time looking for replacement badges and actually provided additional badges to Plaintiff. Mullins Dep. 109:25-110:10. Plaintiff fails to provide any contrary evidence.

Lastly, Plaintiff alleges that Defendants lied about refunding money paid to Mullins Sports. Doc. 10 ¶ 72-73.  Similarly, Plaintiff alleges that Defendants lied about not having funds to provide a refund. *Id.* ¶ 86-7. However, Plaintiff admits that it received at least a partial refund. Doc. 10 ¶ 82.  Further, Plaintiff has presented no evidence that Mullins Sports had funds to immediately provide refunds.  Mr. Mullins testified that money he received from Plaintiff was used for deposits to the badge owners and that the badge owners refused to refund money to Mullins Sports. Mullins Dep. 96:1-5.  Plaintiff also admits that Defendant was upfront about not immediately having the funds. Doc. 10 ¶ 86.  Thus, Plaintiff fails to show that Defendants made any false statements regarding 2019 Masters tickets.

**4. Plaintiff fails to show that it justifiably relied on any alleged false representations related to 2019 Masters tickets.**

Plaintiff alleges that Mullins lied about attempting to locate replacement badges in April 2019 to prevent Plaintiff from taking legal action. Doc. 10 ¶ 76.  With regard to this representation, Plaintiff again fails to show justifiable reliance.  Plaintiff has alleged that Defendants orchestrated a major scheme to defraud it and get hundreds of thousands of dollars.  Yet, after Plaintiff had transferred money to Defendant Mullins Sports and after Plaintiff discovered the alleged fraud, Plaintiff allegedly decided to forego legal action because Defendant stated it would assist in locating additional Masters badges.  Mullins Sports would somehow succeed in locating additional badges on the eve of the Masters after it had already told Plaintiff it could not provide the previously promised badges? *See* Doc. 10 ¶ 70.  It simply would not be justifiable to rely on such statements when Plaintiff was aware of Defendants' alleged scheme and the difficulty in obtaining Masters tickets. *See* Doc. 10 ¶¶ 57-58.  Mr. Jack has stated that despite what happened in 2018, he continued doing business with Defendants in 2019 because he was stupid and had no other options. Jack Dep. 110:18-111:1, 111:24-112:11.  You cannot admit that you were stupid to continue doing business with Defendants after they allegedly defrauded you and reasonably continue to rely on statements by Defendants. Thus, Plaintiff fails to establish that it justifiably relied on any false statements by Defendants regarding the 2019 Masters.

Because Plaintiff fails to show that Defendants made any false statements and fails to show that it justifiably relied on such false statements, Plaintiff fails to establish a prima facie case of fraud.

### C. Plaintiff Fails To Establish A Claim Under The Georgia RICO Act.

In count II of its complaint, Plaintiff alleges that Mullins and Mullins Sports engaged in a pattern of racketeering in violation of O.C.G.A. § 16-14-4 (a), (b), and (c). Doc. 10 ¶ 107; Doc. 13 p. 1.  Section 16-14-4(a) provides that it is unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money.  To show a pattern of racketeering activity, the plaintiff must show that the defendant engaged in at least two predicate acts of racketeering in furtherance of one or more incidents, schemes or transactions. O.C.G.A. § 16-14-3 (4).  A plaintiff must also show proximate causation between his injury and a predicate act. *Wylie v. Denton*, 323 Ga. App. 161, 166 (2013).  Plaintiff alleges that Defendants engaged in the predicate acts of 1) theft by deception, 2) wire fraud, and 3) mail fraud.

### 1. Plaintiff fails to show that Defendants engaged in theft by deception.

Racketeering is defined to include theft by deception as a predicate act. O.C.G.A. § 16-14-3(5)(A)(xii).  A person commits theft by deception when he obtains property by any deceitful means with the intent of depriving the owner of the property. O.C.G.A. § 16-8-3(a).  Deception occurs when a person intentionally creates or confirms another's impression of an existing fact or past event which is false and which the accused knows to be false or when a person fails to correct a false impression which he previously created or confirmed. O.C.G.A. § 16-8-3(b)(1) and (2).  Deception also occurs when a person promises performance of services which he does not intend to perform or knows will not be performed. O.C.G.A. § 16-8-3(b)(5).

Plaintiff alleges that Defendant Mullins created, confirmed, and failed to correct Plaintiff's impression that Defendants could deliver 2018 and 2019 Masters badges when Mullins knew that impression was false in violation of O.C.G.A. § 16-8-3(b)(1) and (2). Doc. 10 ¶¶ 13-14, 114-120.  Plaintiff fails to point to any false impression of an existing fact or past event.  Plaintiff has alleged that Defendant Mullins stated prior to the 2018 tournament that Defendants could provide valid Masters badges for the 2018 Masters and that Defendant stated prior to the 2019 Masters that he could provide 2019 badges. Doc. 10 ¶¶ 26, 63; Doc. 13 p. 10.    First, to the extent that Plaintiff is trying to argue that Defendants did not actually supply the badges, a false promise of future performance cannot form the basis of theft by deception under O.C.G.A. § 16-8-3(b)(1) or (2). *Robinson v. State*, 198 Ga. App. 431, 433 (1991).  Second, Plaintiff provides no evidence that those facts were false at the time Mullins allegedly made the representations.  With regard to the 2018 Masters, Plaintiff actually admits that it received the badges, so any representation by Defendants about supplying badges could not have been false. *See* Doc. 10 ¶ 29, 31.  To the extent that Plaintiff alleges that Defendants misrepresented that Defendants could provide "valid" badges, Plaintiff has provided no evidence that the badges were not valid.  With regard to the 2019 Masters, Plaintiff presents no evidence that Defendants did not believe in May 2018, when the alleged contract occurred, that Defendant Mullins Sports would be able to supply 2019 badges. *See* Doc. 10 ¶ 63.  Mr. Mullins testified that he was not alerted until early March of 2019 that he would not be able to obtain badges from certain patrons. Mullins Dep. 43:6-10.  Plaintiff admits that prior to the 2019 Masters, Defendants informed Plaintiff that Mullins Sports would not be able to provide the 2019 badges. Doc. 10 ¶ 70.  Thus, Defendants would have corrected any alleged impression that Plaintiff had about Defendants being able to provide badges.

14

Furthermore, as argued above, Plaintiff could not have had any impression that Defendants could legally provide valid tickets to Plaintiff.

Plaintiff also alleges that Mullins promised to replace confiscated 2018 badges and to deliver 2019 badges despite no intention of performing the service in violation of O.C.G.A. § 16-8-3(b)(5). Doc. 10 ¶ 121.   Evidence of failure to perform standing alone is not sufficient to establish theft by deception. O.C.G.A. § 16-8-3(b)(5).   Plaintiff had no duty to replace any confiscated 2018 badges and Plaintiff fails to provide any evidence that Defendants ever promised to perform that service.  Similarly, with regard to the 2019 Masters, Plaintiff fails to provide any evidence that Defendants promised to provide replacement badges.  Plaintiff admits that Defendants informed Plaintiff that Defendants would not be able to provide the 2019 tickets. Doc. 10 ¶ 70. It defies logic that Plaintiff would think that Defendants could provide additional tickets to an event with a week's notice after Defendants had informed Plaintiff that they could not provide tickets to the very same event.   As Plaintiff has alleged, Defendants simply stated that they would assist in trying finding replacement badges. Doc. 10 ¶ 72.  Plaintiff even admits that Defendant Mullins stated that he tried to find replacement badges, which indicates that Defendants actually performed the service of searching for replacement badges. Doc. ¶ 76.  Further, Mr. Mullins testified that he did spend time looking for replacement badges. Mullins Dep. 109:25-110:10. Plaintiff has presented no evidence that Defendants did not actually spend time trying to procure additional badges.  Thus, Plaintiff fails to show that Defendants did not intend to perform the service of attempting to purchase Masters tickets at the time the representations were allegedly made.

To prove theft by deception, a plaintiff must show that the defendant has a specific and criminal intent to create a false impression and deprive plaintiff of his property.

*Avery v. Chrysler Motors Corp*., 214 Ga. App. 602, 607 (1994).  Without evidence of specific intent, plaintiff fails to establish a jury issue. *Avery* at 604.  Further, to establish a predicate act based on theft by deception, the plaintiff must have reasonably relied on a false representation. *Dixon v. Branch Banking & Trust Co*., 349 Ga. App. 768, 775 (2019). Here, the facts show that Plaintiff sought Masters tickets from Defendant Mullins Sports, who was not an authorized seller of such tickets.  Plaintiff knew that Defendant could only provide badges illegally and could only provide badges if patrons provided badges to Defendant.   Mr. Jack had been in the business of selling Masters tickets for over thirty years such that he was aware of the known risks that tickets would not be honored by ANI or that patrons or other suppliers could refuse to provide tickets.  Thus, both Plaintiff and Defendants were aware of the realities and difficulties of dealing in Masters tickets such that there was simply no deception from Defendants.  Any reliance by Plaintiff on the alleged representations simply was not reasonable. Therefore, Plaintiff fails to establish any theft by deception in violation of O.C.G.A. § 16-8-3(b)(1),(2), or (5).

### 2.  Plaintiff fails to show that Defendants committed wire fraud.

Racketeering is defined to include wire fraud as a predicate act. O.C.G.A. § 16-14-3(5)(C); 18 USC § 1961(1)(B).  A person commits wire fraud when he devises or intends to devise a scheme to defraud by means of false representations and transmits via wire any writings for the purpose of executing the scheme. 18 USC § 1343.  An intent to defraud involves the making of misrepresentations intended and reasonably calculated to deceive persons of ordinary prudence and comprehension. *Beck v. Prupis*, 162 F.3d 1090, 1095 (11th Cir. 1998).

Plaintiff alleges that Defendants made false representations via telephone and text. Doc. 10 ¶ 122.  First, Plaintiff fails to provide evidence that the alleged calls even occurred.

16

Second, Plaintiff claims that Defendant Mullins sent a text admitting that he could not provide 2019 badges, but it fails to explain how that statement was false or how it relates to a scheme to defraud. Doc. 10 ¶ 71; Doc. 13 p. 10.  An essential element of any fraud claim, including predicate acts of mail or wire fraud, is that the defendant knew the representation was false. *Lechter v. Aprio*, 565 F. Supp. 3d 1279, 1318 (N.D. Ga. Sept. 30, 2021).  Lastly, Plaintiff alleges that Defendants' bookkeeper sent a text falsely stating that Plaintiff would receive a refund. Doc. 13 p. 10; Doc. 10 ¶ 109.  Plaintiff fails to show that the text was false as Plaintiff admits that Defendant Mullins Sports had the bookkeeper mail three checks. Doc. 10 ¶ 86.

Plaintiff also fails to show that any of the alleged statements involved any scheme to defraud Plaintiff.  Mr. Jack testified that he had been buying and selling Masters badges for thirty years. Jack Dep. 5:11-6:14, 25:8-10; Doc. 10 ¶¶ 19-20.  He further testified that he knew Defendants were not authorized to sell Masters badges. *Id*. at 21:9-11. Additionally, Plaintiff was aware that badges could be confiscated ANI. *Id*. at 23:18-24:16. Despite all that knowledge, Plaintiff chose to transfer money to Defendant Mullins Sports knowing there was always a chance that Plaintiff would not receive tickets or that ANI would not honor the tickets.   An essential element of mail and wire fraud is that the defendant held the requisite mens rea and knowingly made false representations. *Lechter v. Aprio*, 565 F. Supp. 3d 1279, 1318 (N.D. Ga. Sept. 30, 2021).  Plaintiff has only shown that it was unhappy with the outcome of dealing in an illegal business, but Plaintiff fails to show any wire fraud.

### 3.  Plaintiff fails to show that Defendants committed mail fraud.

Racketeering is defined to include mail fraud as a predicate act. O.C.G.A. § 16-14-3(5)(C); 18 USC § 1961(1)(B).  A person commits mail fraud when he devises or intends

17

to devise a scheme to defraud by means of false representations and transmits via mail any matter or thing for the purpose of executing the scheme. 18 USC § 1341. Plaintiff mentions just one mailing in its complaint, alleging that Defendants had their bookkeeper mail refund checks to Plaintiff. Doc. ¶¶ 86, 123. Mullins Sports mailed five checks to Plaintiff but informed Plaintiff not to deposit the checks until Defendant had sufficient funds to cover the checks. *Id.* ¶ 86. Plaintiff fails to explain how the mailing relates to any scheme to defraud or how Plaintiff was harmed by the mailing. Defendant Mullins Sports was simply admitting that it would take time to provide a full refund to Plaintiff since Plaintiff's money was used for deposits to badge owners. *Id.* ¶ 86; Mullins Dep. 96:1-5.

Additionally, a plaintiff must have relied on a misrepresentation to establish mail fraud and the misrepresentation must have led directly to the injury to establish proximate causation. *Pollman v. Swan*, 314 Ga. App. 5, 7 (2011). Summary judgment is appropriate when the plaintiff's injury is not proximately caused by the alleged misrepresentations. *Id.* Plaintiff fails to show how it was injured by a mailing in which Defendant admits that Plaintiff will have to wait to receive a refund. Most importantly, Plaintiff fails to identify any misrepresentation in the mailing. Therefore, Plaintiff fails to establish that Defendant committed mail fraud.

### 4. Plaintiff fails to show proximate cause between the alleged predicate acts and his injuries.

To establish a RICO claim, the alleged violation must lead directly to the plaintiff's injury; "but-for" causation cannot support a RICO claim. *Pollman* at 6-7. If no injury flowed from a particular predicate act, there can be no recovery. *Id.* The injury cannot merely be an eventual consequence of the predicate act or a foreseeable result. *Wylie* at 166. The injury must have been directly caused by the predicate act. *Id.* Here, plaintiff's

alleged injuries were not proximately caused by any predicate act or conduct of Defendants.  Plaintiff claims that Defendants took Plaintiff's money, caused Plaintiff to expend additional money on replacement badges, and caused Plaintiff to lose profits. Doc. 10 ¶ 132.  Plaintiff knew, based upon state law and the ANI ticket policies, that Defendant Mullins Sports could not legally sell Plaintiff Masters tickets.  Similarly, it is Plaintiff's own behavior that caused it to purchase replacement tickets for its customers and lose profits.  Plaintiff chose to sell Masters tickets to its customers in violation of O.C.G.A. § 43-4B-25 *et seq*. and ANI policies in an attempt to make a profit.  That plaintiff felt the need to satisfy its customers and failed to profit from an illegal business was not the result of any alleged actions of Defendants.

"RICO and punitive damages claims are increasingly being asserted in cases that fundamentally concern commercial disputes.  This litigation strategy is seldom successful, and often unnecessarily increases the cost of litigation and the burden on the parties and the courts." *Infectious Disease Solutions, PC v. Synamed*, no. 1:07-CV-0211-WSD, 2007 U.S. Dist. LEXIS 62111, *2 n. 1 (N.D. Ga. Aug 23, 2007).  That is especially true in the present case where there is a complete lack of evidence to support Plaintiff's allegations.  The Georgia RICO statute was designed to deter sophisticated criminal conduct. O.C.G.A § 16-14-2 (a).  The only criminal conduct that Plaintiff can show is violation of O.C.G.A. § 43-4B-25 *et seq*. by both Plaintiff and Defendant Mullins Sports.  That is simply not the conduct that RICO was intended to address.

Because Plaintiff fails to establish two predicate acts and fails to establish causation between a predicate act and its alleged injuries, Plaintiff fails to establish a RICO claim against Defendants.

**D. Plaintiff Fails To Establish Any Claims Against John Does 1-10 And ABC Corps 1-20.**

In count III of its complaint, Plaintiff alleges RICO claims against John Doe 1-10 and ABC Corp 1-20. Doc. 10 ¶¶ 135-52. Per this Court's scheduling order, the deadline to add parties expired on February 15, 2022. Doc. 34. Discovery has closed and Plaintiff has failed to identify or add any of these persons or corporations as party defendants. Thus, Plaintiff fails to state a claim against any John Does or ABC Corps.

**E. Plaintiff Fails To Establish An Alter Ego Claim.**

In count IV of its complaint, Plaintiff essentially alleges that it seeks millions of dollars in damages and that Defendant Mullins Sports has insufficient funds to satisfy such a judgment. Doc. 10 ¶¶ 168-183. Thus, Plaintiff alleges that Mr. Mullins should be individually liable because he has not observed the corporate formalities of Mullins Sports. *Id*. ¶ 170. Plaintiff also seemingly alleges that it is owed money from ABC Corp 1-20 for which Mr. Mullins should also be liable. *Id*. ¶ 182. However, the alter ego doctrine is not a cause of action, but a doctrine whereby individual shareholders can be held liable for corporate liabilities. Disregard of corporate formalities rests on equitable principles such that a claim for piercing the corporate veil is appropriate only in the absence of adequate remedies at law. *Baillie Lumber Co. v. Thompson*, 279 Ga. 288, 290 (2005). Here, Plaintiff has not provided any evidence that Mullins Sports could not satisfy any judgment. Furthermore, as argued above, Plaintiff fails to establish any claim against Mullins Sports or ABC Corp 1-20 such that Plaintiff is not entitled to any judgment for which Mr. Mullins could be held individually liable. Thus, Plaintiff fails to establish any alter ego claim.

## IV.    CONCLUSION

Based on the foregoing, Plaintiff fails to establish a claim for breach of contract, common law fraud, Georgia RICO, or alter ego. Therefore, summary judgment should be granted to Defendants.

Respectfully submitted this 4th day of January 2023.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

GOLF TRAVEL, LLC,

    Plaintiff,

vs.

JOSEPH MULLINS, MULLINS SPORTS
AND ENTERTAINMENT, LLC, JOHN
DOE 1-10, ABC CORP 1-20,

    Defendants.

CASE NO.: 1:21-CV-63

## CERTIFICATE OF SERVICE

This is to certify that the within and foregoing **Motion for Summary Judgment**, **Brief in Support of Defendants Motion for Summary Judgement** and **Defendants' Material Facts** were served upon the following parties in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system, by email, or by depositing a copy in the United States Mail with adequate postage thereon to:

John T. Sparks, Sr.
John B. Austin
Austin & Sparks, P.C.
2974 Lookout Place, N.E.
Atlanta, Ga 30305
jsparks@austinsparks.com
jaustin@austinsparks.com

This 4th day of January 2023.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com