IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| GOLF TRAVEL, LLC,<br><br>     Plaintiff,<br><br>vs.<br><br>JOSEPH MULLINS, MULLINS SPORTS AND ENTERTAINMENT, LLC, JOHN DOE 1-10, ABC CORP 1-20,<br><br>     Defendants. | CASE NO.: 1:21-CV-63 |

### DEFENDANTS' STATEMENT OF MATERIAL FACTS

COME NOW Defendants Joseph Mullins and Mullins Sports and Entertainment, LLC, and file this Undisputed Statement of Material Facts, showing the Court the following:

1. Ian Jack owns Plaintiff Golf Travel LLC and SGH Golf, companies engaged in selling golf vacation packages. Jack Dep. 4:23-5:5; Doc. 10 ¶ 1, 19.

2. The Masters Golf Tournament is held in Augusta, Georgia every year in April. Doc. 10 ¶¶ 20, 27.

3. For over thirty years, Mr. Jack and his companies have sold packages to the Masters, which included accommodations, transportation, and tickets. Jack Dep. 5:11-6:14, 25:8-10; Doc. 10 ¶ 19-20.

4. For the 2023 Masters, practice round tickets are $100 and Daily Tournament tickets are $140. Exhibit A.

5. In 2018 and 2019, a practice round ticket was $75 and a Tournament ticket was

$115. Patron's badges, which allow attendance for all four days of the Tournament, were $375 per year. Exhibits B, C.

6. Golf Travel sold Masters tickets to its customers at prices higher than the face value to make a profit. Jack Dep. 28:4-13.

7. Masters tickets and badges contain terms and conditions that any ticket holder accepts. Exhibit D.

8. The ticket is a limited license which may be revoked by Augusta National, Inc. ("ANI") at any time with or without cause. *Id.*

9. ANI is the only authorized source/seller of Masters tickets, and tickets may not be sold by third party resellers. *Id.*

10. Holders of tickets acquired from third parties may be excluded from attendance at the Masters by ANI. *Id.*

11. As stated on the tickets, the ANI ticket policies are readily available online at Masters.com. *Id*; Exhibit E.

12. Mr. Jack and Golf Travel are not authorized brokers or resellers of Masters tickets. Jack Dep. 21:7-11.

13. If a person attempting to enter the Masters tell ANI agents that their badges were purchased from Golf Travel or any other broker in contravention of ANI policies, ANI will confiscate the badges and deny entry into the Tournament. Jack Dep. 24:12-16; 86:6-11.

14. Due to the difficulty in obtaining Masters tickets, Plaintiff ignores the ANI polices and obtains tickets in the secondary market to sell to its customers. Jack Dep. 77:22-24.

15. Defendant Joseph Mullins is the owner of Defendant Mullins Sports and

2

Entertainment. Mullins Dep. 6:24-7:1.

16. Mullins Sports facilitates events, catering, housing, and access to sports and entertainment events. *Id.* at 29:19-23.

17. Specifically, Mullins Sports has provided tickets, housing, and transportation to customers during the Masters Tournament. *Id.* at 31:20-32:1.

18. Mr. Jack was aware of ANI terms and conditions restricting ticket sales, yet he contacted Defendant Mullins Sports to purchase Masters tickets. Jack Dep. 21:12-18; 23:7-17, 24; Doc. 10 ¶ 23.

19. Mr. Jack knew that Mr. Mullins was not a member of Augusta National and not authorized to sell Masters tickets. Jack Dep. 13:17-21; 21:9-11, 61:3-4. *See also* Mullins Dep. 53:11-13.

20. Prior to the 2018 Masters, Defendant Mullins Sports agreed that it would try to provide Masters badges to Golf Travel. Mullins Dep. 89:16-90:2.

21. In 2018, Mr. Mullins and Jerry Hottle were the only persons working with Mullins Sports to obtain Masters tickets. Mullins Dep. 62:25-63:1; 63:9-11; 70:24-71:1.

22. For the 2018 Masters, Mullins Sports fulfilled its obligation to try to find badges, and it actually provided valid 2018 badges to Plaintiff. Mullins Dep. 92:10-12. 93:7-16; Doc. 10 ¶ 29.

23. After some of Plaintiff's customers were refused entry into the Tournament using a badge procured from Mullins Sports, Plaintiff stopped issuing those badges to its customers. Doc. 10 ¶ 44; Jack Dep. 78:25-79:3, 81:17-24.

24. Despite allegedly purchasing void badges from Mullins Sports in 2018, Plaintiff decided to continue doing business with Mullins Sports for the 2019 Masters because it had no other options. Jack Dep. 110:18-111:1, 111:24-112:11.

25. Similarly to the agreement for the 2018 badges, Mullins Sports agreed to attempt to procure 2019 Masters badges and tickets for Plaintiff. Mullins Dep. 89:16-90:9.

26. When Mullins Sports received funds from Plaintiff, the money was transferred to badge owners that Mullins Sports had agreements with to purchase badges. Mullins Dep. 38:17-20.

27. ANI provides badges to its patrons in March, approximately a month prior to each year's Masters Tournament. Mullins Dep. 38:2-7.

28. In 2019, patrons that Mullins Sports had planned to purchase badges from did not get their badges from ANI, and those patrons started notifying Mullins Sports at the end of February 2019. *Id.* at 43:6-10.

29. Some patrons did not notify Mullins Sports, and some patrons refused to refund the deposits they received from Mullins Sports. *Id.* at 42:19-23, 43:6-10

30. Because Mullins Sports could not provide all the tickets requested by Plaintiff, Mullins Sports informed Plaintiff that its funds would be refunded but that it would take time since the patrons refused to provide refunds. *Id.* at 96:1-5; Doc. 10 ¶ 86.

**Wherefore**, Defendants pray that Defendants' Motion for Summary Judgment be granted.

Respectfully submitted this 4th day of January 2023.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com