IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| GOLF TRAVEL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH MULLINS, MULLINS SPORTS AND ENTERTAINMENT, LLC, JOHN DOE 1-10, ABC CORP 1-20, <br><br> Defendants. | CASE NO.: 1:21-CV-63 |

### MOTION OF THE AUGUSTA PRESS TO INTERVENE IN SUPPORT OF OPEN COURT RECORDS UNDER S.D. GA. LOCAL RULE 79.7

The Augusta Press, (hereinafter "Press") respectfully submits this Motion to Intervene in Support of Open Court Records Under S.D. GA. Local Rule 79.7, in the above-styled action.

**I.**

**STATEMENT OF INTERESTS**

The Augusta Press is a local on-line newspaper based in Augusta, Georgia that, in its own words, "exists to bring the latest local CSRA news to readers; to serve as a watchdog on government by protecting the public's right to know what their elected officials are doing and, more importantly, why they are doing it; to entertain readers with insightful, touching, and thought-provoking features; and to serve as a public forum for the discussion of public issues via editorials and opinion pieces." As such, a crucial mission of the Augusta Press is to protect, promote, foster, and advance open court records. While the Augusta Press is a regional publication, its advocacy is intended to benefit all readers in the CSRA who are served by open government and transparency.

**II.**

**STATEMENT OF FACTS**

1

The Augusta Press adopts the description of the facts of this case contained in the brief of Plaintiff, Golf Travel. Further, Defendant Joseph Mullins ("Mullins") filed a Motion to File Documents Under Seal on January 5, 2023 (Doc. 53) ("Defendant's Motion to Seal"). The motion seeks to deny public access to the deposition transcripts of Plaintiff's owner Ian Jack and Defendant Joseph Mullins, which the parties plan to use for summary judgment motions in this case. This case has received public attention due to its materiality to matters that citizens of the CSRA are interested in, namely the operation of a public event and alleged fraudulent ticket sales associated with it. This interest is evidenced by the two articles published by Augusta Press on April 19, 2021[1] and August 9, 2022[2] in its effort to keep its readers abreast of the dispute.

### III.

### WHY DEFENDANT'S MOTION TO SEAL SHOULD BE DENIED

Defendant's Motion to Seal should be denied for several reasons.

1. Granting this Motion to Seal would conflict with precedent interpreting common law and the First Amendment of the United States Constitution, whereby the historical presumptive right of public access to judicial records includes pre-judgment records in civil cases, and should only be overcome by showing good cause to seal or redact. *United States v. Bradley*, 2007 U.S. Dist. LEXIS 42152, at *4-6 (S.D. Ga. June 11, 2007).

2. Granting the Motion to Seal would conflict with the guidance in F.R.C.P. 26(c) that provides the basis for limiting discovery.

3. It cannot be gainsaid that the provision of transparency by the courts is of vital importance to the citizens of this region. Without the ability to conduct oversight via access to court records, the public will be left uninformed or skeptical about the transparency of the judicial system and the

---

[1] https://theaugustapress.com/joe-mullins-federal-lawsuit/.
[2]    https://theaugustapress.com/joe-mullins-declares-himself-and-his-companies-insolvent-riddled-with-debt-and-potentially-bankrupt/.

role of the press in their locales. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007).

## IV.

## ARGUMENT AND CITATION OF AUTHORITIES

**(A)    A straightforward application of Local Rule 79.7 and prior decisions demonstrate that Defendant's Motion to Seal must be denied.**

The rules of this Court disfavor sealing documents filed by the parties in an attempt to deny public access. Local Rule 79.7 states: "Except as required or allowed by statute or rule, no matter may be placed under seal without permission of the Court."[3] S.D. Ga. L. R. 79.7(a). A party to a civil action may make a motion to seal court records which states the grounds for restricting public inspection. *Id.* at (b). "The party seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest."[4] *Id.* at (d). Finally, the movant's motion must state the desired duration of sealing, and Local Rule 79.7(e) directs that "[t]he permanent sealing of a Court record is not preferred and should be sought only where temporary sealing is not adequate to protect the interest at stake." *Id.* at (e).

The Eleventh Circuit has developed an approach to sealing court documents, arising from the "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d

---

[3] The language of Local Rule 79.7 corresponds to Georgia Uniform Superior Court Rule 21 ("Rule 21"): "All court records are public and are to be available for public inspection unless public access is limited by law or by the procedure set forth below."

[4] Rule 21.2 instructs that the court may only limit access to court records, including pre-judgment records in a civil case, where its finds that the harm otherwise resulting to the privacy of a person in interest clearly outweighs the public interest: the presumption of right of access to pre-judgment records begins when such a judicial document is filed and favors denying sealing public access to such unless this burden can be met by the moving party. *Atlanta Journal v. Long*, 258 Ga. 410, 413-14 (1988). Rule 21 analysis considers privacy interests of an interested party including embarrassment from disclosure of court files, and public interest factors, namely the governmental interest in preserving the judicial system as the forum for resolving disputes and the possibility that pre-judgment documents could be misused. *Id.* at 414-15.

1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)).  Eleventh Circuit precedent holds that:

> The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process. This right includes the right to inspect and copy public records and documents. This right of access is not absolute, however. The right of access does not apply to discovery and, where it does apply, may be overcome by a showing of good cause.

*Romero*, 480 F.3d at 1245 (citation and internal citation omitted).  But where discovery material is submitted to the Court, it then becomes subject to the presumption of public access. *Bradley*, 2007 U.S. Dist. LEXIS 42152, at *6.  Good cause to justify sealing a document is determined by balancing the historical presumption of the right to access against the movant's privacy interests. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-11 (11th Cir. 2001); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983).

A Court considers, among other things: whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246.  The moving party's assertions of harm from filing without seal must "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *Thomas v. Houston Healthcare Sys.*, No. 5:17-cv-386(MTT), 2019 U.S. Dist. LEXIS 87450, 2019 WL 5850547, at *2 (M.D. Ga. May 24, 2019) (quoting *In re Photochromic Lens Antitrust Litig.*, No. 8:10-MD-2173-T27EAJ, 2011 U.S. Dist. LEXIS 162772, 2011 WL 13141945, at *1 (M.D. Fla. June 9, 2011)) ("[C]onclusory assertions of possible harm, such as those stated by the parties, do not show good cause.").  The "mere risk" of embarrassment is not sufficient. *Bradley*, 2007 U.S. Dist. LEXIS 42152, at *11 (citing *Schoffstall v. Henderson*, 223 F.3d 818, 822, 827 (8th Cir.

4

2000); *Ashworth v. Bagley*, 351 F.Supp.2d 786,789-92 (S.D. Ohio. 2005); *Jaufre ex rel. Jaufre v. Taylor*, 351 F.Supp.2d 514, 518-19 (E.D. La. 2005).

Even with such a good cause showing that favors non-disclosure, the Court must determine the extent of public access that will be restricted such that it "must restrict access in a way that will minimize the burden on the public's right, for example, by sealing or redacting only those records or portions thereof that contain sensitive information." *Beck v. Shinseki*, No. CV 113-126, 2014 U.S. Dist. LEXIS 22189, at *3 (S.D. Ga. Feb. 21, 2014) (citing *Curry v. McNeil*, No. 3:08-CV-539, 2009 U.S. Dist. LEXIS 16745, 2009 WL 395247, at *2 (N.D. Fla. Feb. 17, 2009); *see also Jackson v. Deen*, 2013 U.S. Dist. LEXIS 65814, 2013 WL 1911445, at *1 n.6 ("[R]edaction should be deployed first" to eliminate the need for "sealing of entire documents.").

This framework was applied to deny sealing court documents in *Faller v. Pelosi*, No. CV 120-002, 2020 U.S. Dist. LEXIS 190465 (S.D. Ga. Oct. 14, 2020).  There, the plaintiff's motion to seal based on "the instant matter [being] a situation that arose by egregious misconduct of government officials" and the vague assertions of the likelihood of threats or substantial harm if the filing were not sealed were insufficient privacy interest reasons to overcome the historical presumption of the right to access.  Thus, the files were not sealed, pursuant to Local Rule 79.7(d). *Id.* at *4-5.

In *Atlanta Journal v. Long*, the Georgia Supreme Court held that an order denying a motion for non-party public access to court documents (pre-judgment records) based on privacy interests of the parties was improper under the analogous Georgia Rule 21 analysis. 258 Ga. 410, 413-15 (1988).[5]  This decision and those that have followed reinforce the high burden that courts require a party like Mr. Mullins to meet to overcome the presumption in favor of public access to filed documents, like the documents he desires to

---

[5] The underlying complaint filed by Ms. Long was against the Catholic Diocese of Savannah.  Both the Church and Ms. Long contended that sealing pleadings was necessary to avoid embarrassment. *Id.* at n.8.

seal here.  Privacy interests alone are insufficient to trump the "traditional" presumption of public access. *See Altman v. Altman*, 301 Ga. 211, 217-18 (2017).

The ticket and badge application and sale process for the Masters Tournament is unlike that of nearly any live event in the world, as evidenced by the Tournament's sale and resale policies which the Defendant himself cites as exhibits in his Motion to Dismiss.  The testimonies of Plaintiff's owner Ian Jack and Defendant Joseph Mullins undoubtedly provide informative and irreplaceable information regarding the details and operations of aftermarket sale of tickets and badges to the Masters Tournament.  The Press is entitled to access these court documents once filed to understand and report the direct testimony of parties involved in a potential scheme harmful to the public.

Mr. Mullins's Motion does not state any potential harm that might result from these court records not being under seal, or any grounds for good cause that prior decisions by this Court have recognized as sufficient to restrict the public's presumptive right to access these documents.  While such testimony may be embarrassing to Mr. Mullins in some way, that assertion alone does not overcome the historical presumption that such filed documents be made accessible to the public enforced by Local Rule 79.7.  As the Georgia Supreme Court noted in *Long*, embarrassment is always a problem in civil cases, but does not routinely lead to sealing documents. 258 Ga. at 414.  Following this Court's precedent, it is clear that Mr. Mullins has failed to allege harms sufficient to justify such a restriction in his Motion, and that the public's right to access these documents should not be restricted here.

**(B)** **F.R.C.P. 26 and prior decisions demonstrate that Defendant's Motion to Seal must be denied.**

F.R.C.P. 26(c) utilizes factors and the *Romero* balancing standard for determining sufficient good cause that might justify sealing a deposition that is a part of the court's record and otherwise available for inspection by the public. 480 F.3d at 1246.  Trade secrets, confidential business transactions, and product specifications that are not available to the public qualify as good cause to redact or seal court records pursuant to F.R.C.P. 26(c). *See Chemence Med. Products, Inc. v. Medline Indus., Inc.*, No. 1:13-CV-500-

6

TWT, 2015 U.S. Dist. LEXIS 2958, 2015 WL 149984, at *3-6 (N.D. Ga. Jan. 12, 2015) (granting a motion to seal excerpts of a deposition transcript containing product specifications and confidential business transactions). Personally identifying information such as one's social security number or home address also qualify as good cause to seal or redact. *See id.* at *3, 6-10 (granting a motion to seal excerpts of deposition transcripts containing personally identifying information of deponents and distributors); *Stanley v. Whitentin*, No. 5:22-CV-00239-TES-CHW, 2022 U.S. Dist. LEXIS 233263, at *3 (M.D. Ga. Dec. 29, 2022) (providing for the redaction of personally identifying information such as home addresses, so long as the motion "clearly identifies what information needs to be redacted and explains why there is 'good cause' for redaction … supported by specific facts demonstrating why redaction is necessary.")

Here, the deposition testimonies of the parties are to be filed with this court and will be thus presumptively public records. Defendant Mullins's Motion to Seal neither cites to F.R.C.P. 26 nor states specific grounds for good cause – e.g., personally identifying information, undue embarrassment, trade secret, confidential research, confidential commercial information – to justify sealing these court records.

## V.

### CONCLUSION

Transparency is vital to our democratic system of government. "A popular Government, without popular information, or the means of acquiring it, is but a prologue to a farce or a tragedy, or perhaps both"[6]; "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman."[7] Granting a vague motion to seal will allow potentially harmful conduct to exist in darkness and continue to endanger the public. No one can anticipate the full magnitude of misfeasance or malfeasance that might occur in the

---

[6] Letter of James Madison to W. T. Barby (August 4, 1822), 9 *Writings of James Madison* 103 (G. Hunt ed. 1910).
[7] L. Brandeis, Other People's Money 62 (1933); quoted at Nebraska Press Ass'n. *v. Stuart*, 427 U. S. 539, 587 (1976).

future. It is to minimize the possibility of either that Local Rule 79.7, F.R.C.P. 26, and supporting cases are broadly construed. The Augusta Press urges this Court to deny Defendant's Motion to Seal.

Respectfully submitted this 23rd day of January, 2023.

/s/ *David E. Hudson*
David E. Hudson                     SBN 374450
*Attorney for The Augusta Press*

Of Counsel:
HULL BARRETT, P.C.
Post Office Box 1564
Augusta, Georgia 30903-1564
(o) 706/722-4481 | (f) 706.722.9779
DHudson@HullBarrett.com

**CERTIFICATE OF SERVICE**

I certify that of the foregoing has been served on counsel of record by electronically filing same with the Clerk of Court using the CM/ECF system and by email directed as follows:

John T. Sparks, Sr., Esq.
John B. Austin, Esq.
AUSTIN & SPARKS, PC
2974 Lookout Place, N.E.
Atlanta, Georgia 30305
*jsparks@austinsparks.com*
*jaustin@austinsparks.com*

Randolph Frails, Esq.
Tameka Haynes, Esq.
FRAILS & WILSON, LLC
211 Pleasant Home Road, Suite A1
Augusta, Georgia 30907
*randyfrails@frailswilsonlaw.com*
*thaynes@frailswilsonlaw.com*

This 23rd day of January, 2023.

/s/ *David E. Hudson*
David E. Hudson                    SBN 374450